# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3557

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ricardo Fonseca, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 27, 2006
Filed: August 1, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Ricardo Fonseca pleaded guilty to possessing 500 grams or more of methamphetamine mixture with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced him to 108 months in prison and 5 years of supervised release. On appeal, he argues that the court should have allowed him to withdraw his guilty plea or should have compelled the government to file a downward departure motion based on substantial assistance because the government's decision not to do so was irrational and made in bad faith.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We conclude that Fonseca knowingly and voluntarily waived both of these claims in his plea agreement.  See United States v. Olano, 507 U.S. 725, 733-34 (1993) (defining waiver and holding that waiver precludes appellate review even for plain error); United States v. Stricklin, 342 F.3d 849, 850 (8th Cir. 2003) (per curiam) (enforcing defendant's waiver of his right to withdraw his guilty plea).

Accordingly, we affirm the judgment of the district court.

_____